UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:03-CR-06 |
| | ) | |
| DWAYNE NORTON | ) | |

**O R D E R**

This criminal matter is before the Court to address the defendant's objections to his presentence report. In part, the defendant objects to his classification as a career offender because he received less than a twelve month sentence in regard to his two prior convictions for possession of cocaine with the intent to deliver and possession of marijuana with the intent to deliver, both of which are violations of N.C.G.S. § 90-95(a)(1), and both of which are punishable as Class I felonies.

Even though the defendant did receive a sentence of less than twelve months, the Supreme Court of North Carolina has specifically held in *State v. Jones*, 358 N.C. 473, 598 S.E.2d 125, 128 (2004), that "the phrase 'punishable as a Class I felony' does not simply denote a sentencing classification, but rather, dictates that a conviction for possession of the substances listed therein, including

cocaine, is elevated to a felony classification for all purposes." Therefore, the defendant does have 2 prior felony drug convictions regardless of the sentences that he received.

In addition, the defendant pled guilty to a conspiracy to distribute and to possess with the intent to distribute 50 grams or more of crack cocaine on February 9, 2004. In his agreed factual basis, the defendant admitted that he was responsible for 44 ounces or 1,247.4 grams of crack cocaine.

Due to the amount of cocaine involved and his two prior felony drug convictions, the defendant is subject to a mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Therefore, any objections that the defendant has in regard to his guideline sentence are MOOT, because he has a statutory mandatory minimum sentence of life imprisonment. [Doc. 63].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE